**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 25, 2026

<u>BY ECF</u>
Honorable Natasha C. Merle
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Fernandez v. Secretary of Homeland Security et al.*
Case No. 26-cv-5192 (Merle, J.)

Dear Judge Merle:

This Office represents Respondents in this habeas corpus action, in which Petitioner Alex Garcia Fernandez, ("Petitioner"), challenges his detention by Immigration and Customs Enforcement, ("ICE"). Respondents respectfully write in response to the August 24, 2026, Order To Show Cause, (the "OTSC"). *See* Dkt. 2.

The Petition asserts that Petitioner is entitled to a bond hearing and to release on bond, based on alleged Administrative Procedure Act, ("APA"), and Due Process violations. *See* Dkt 1 pp. 10-14. Petitioner received a bond hearing where bond was denied on July 28, 2026. Furthermore, the APA is not a viable vehicle for claims arising out of his detention. In *Trump v. J.G.G.*, 145 S. Ct. 1003 (2025), in which claims including due process claims were brought under the APA and various habeas provisions, the Supreme Court held that where the claims for relief, as here, "necessarily imply the invalidity of their confinement," regardless of whether Petitioner requests release from confinement, those claims "fall within the 'core' of the writ of habeas corpus and must be brought in habeas." *See Id*. at 1005. The Supreme Court's holding is consistent with well-established law that habeas is generally the only possible district court vehicle for challenges brought pursuant to immigration statutes. *Id.* (citing *Heikkila v. Barber*, 345 U.S. 229, 234-35 (1953)). All the claims in this suit constitute a core habeas claim—though they fail for the reasons discussed supra—and are not cognizable under the APA. Additionally, by the APA's terms, it is available only for agency action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Thus, Petitioner's APA claim is independently barred by this limitation. As noted by Justice Kavanaugh's concurrence in *J.G.G.*, "given 5 U.S.C. § 704, which states that claims under the APA are not available when there is another adequate remedy in court, I agree with the Court that habeas corpus, not the APA, is the proper vehicle here." *Id*. at 1007 (Kavanaugh, J. concurring). Here, as in *J.G.G.*, habeas is an "adequate remedy" through which Petitioner can challenge his detention

Nonetheless, in light of the OTSC and this Court's decision in *Meza v. Francis,* No. 26-cv-02722, 2026 WL 1734903 (E.D.N.Y. June 16, 2026) (Merle, J.), Respondents submit that they cannot show that the Notice to Appear was issued prior to or at the time of the execution of the Form I-200 arrest warrant. In accordance with the OTSC, Respondents preserve their right to appeal all issues relevant to this action, including without limitation the above-discussed issue

concerning the APA and the issue of whether ICE is required to issue the Notice to Appear prior to or at the time of the execution of the Form I-200 arrest warrant. *See* Dkt. 2 at pp. 2-3.

Respondents thank the Court for its time and consideration in this matter.

Respectfully submitted

JOSEPH NOCELLA, JR.
United States Attorney

By: */s/ Christopher J. Byrne*

Christopher J. Byrne
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
(718) 254-6054
Christopher.Byrne2@usdoj.gov

cc: Petitioner Pro Se
Certified Mail