UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALEX GARCIA FERNANDEZ,

*Petitioner*,

– against –

ACTING FIELD OFFICE DIRECTOR OF NEW YORK IMMIGRATION AND CUSTOMS ENFORCEMENT; SECRETARY OF HOMELAND SECURITY; ATTORNEY GENERAL OF THE UNITED STATES,

*Respondents*

**MEMORANDUM & ORDER**
26-cv-05192 (NCM)

**NATASHA C. MERLE**, United States District Judge:

On July 9, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents arrested and detained petitioner Alex Garcia Fernandez. Pet. for Writ of Habeas Corpus ("Petition") ¶ 18, ECF No. 1.[1] Petitioner is currently being detained by respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Pet. ¶ 2. Petitioner now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. 1. For the reasons discussed below, the petition is **GRANTED**.

## BACKGROUND

Petitioner is a national and citizen of Mexico. Pet ¶ 1. Petitioner has resided in the United States for over twenty-one years. Pet. ¶¶ 3, 18. Petitioner was detained by ICE on July 9, 2026, *see* Pet. ¶ 18, and is currently being held by respondents at the MDC, *id.* ¶ 2. He commenced the instant action on August 22, 2026, by filing a petition for a writ of

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

habeas corpus. *See* Pet. On August 24, the Court issued an order directing respondents to submit a letter stating: (1) the statutory provision(s) under which respondents assert the authority to detain petitioner; and (2) whether the Second Circuit's decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026) controls, or whether otherwise there is any material basis to distinguish the instant case from this Court's prior decisions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869, 2026 WL 607917 (E.D.N.Y. Mar. 4, 2026), *Meza v. Francis*, No. 26-cv-02722, 2026 WL 1734903 (E.D.N.Y. June 16, 2026), *R.S.J.R v. Mullin*, No. 26-cv-03611, 2026 WL 1803649 (E.D.N.Y. June 23, 2026), *Menjivar v. Genalo*, No. 26-cv-02506, ECF No. 16 (E.D.N.Y. June 12, 2026), *R.M.R. v. Genalo*, No. 26-cv-04358, 2026 WL 2211009 (E.D.N.Y. July 31, 2026), or any other decision of this Court. Scheduling Order 2–3, ECF No. 2.

The government filed a response which, without stating the statutory provision that purportedly authorizes petitioner's detention, stated that "[p]etitioner received a bond hearing where bond was denied on July 28, 2026," and that the government "cannot show that the Notice to Appear was issued prior to or at the time of the execution of the Form I-200 arrest warrant." Gov't Resp. 1, ECF No. 4. Accordingly, the government apparently concedes that the Court's reasoning in *Meza* would dictate the same outcome in this case.

Although petitioner has not yet filed a reply, "[t]he Court issues the instant Order before [p]etitioner's deadline to file a reply in light of its obligation to determine the facts, and dispose of habeas petitions expeditiously, as law and justice require." *Ccorihuaman v.*

*Genalo*, No. 26-cv-00554, 2026 WL 328983, at *1 (E.D.N.Y. Feb. 6, 2026) (quoting 28 U.S.C. § 2243).[2]

## LEGAL STANDARD

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 290, (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

## DISCUSSION

Construed liberally, petitioner contends, among other arguments, that he is being detained in violation of the Immigration and Nationality Act ("INA"). Pet. ¶¶ 38–44.[3] Respondents concede that "they cannot show that the Notice to Appear was issued prior to or at the time of the execution of the Form I-200 arrest warrant." Gov't Resp. 1.

Accordingly, for the reasons stated by this Court in *Meza*, which the Court incorporates here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to 8 U.S.C. § 1226(a). *See Meza*, 2026 WL 1734903, at *2 ("[W]hen ICE

---

[2] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

[3] Although petitioner styles his claim as an "unlawful denial of release on bond," it is well established that courts should "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Iza by Iza v. Larocco*, 814 F. Supp. 3d 357, 362 (E.D.N.Y. 2026). The Court does not reach any other claim raised by petitioner. *See, e.g.*, Pet. ¶¶ 25–38, 45–49.

arrested petitioner they had no authority to do so, and the law does not permit what occurred.").[4]

"Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

## CONCLUSION

For the foregoing reasons, the Court holds that petitioner's detention violates the INA. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondents are directed to release petitioner from custody within 24 hours of this Order and file a letter on the docket no later than 12:00 p.m. on August 27, 2026, certifying their compliance. The Court further orders that petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8–9 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see*

---

4 For the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing in *Meza*. *See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

*also Ccorihuaman*, 2026 WL 328983, at *2. This Order includes "an injunction barring deprivation of [petitioner's] rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

All other deadlines in the Court's August 24, 2026, scheduling order are hereby adjourned *sine die*.

The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case. The Clerk of Court is also directed to mail a copy of this Order to petitioner and note the mailing on the docket.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: August 25, 2026
Brooklyn, New York